# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **VISION MARKETING RESOURCES, INC.,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **McMILLIN GROUP, LLC and** ) <br> **JAMES L. McMILLIN,** ) <br> ) <br> **Defendants.** ) <br> _____ ) | **CIVIL ACTION** <br><br> **No. 10-2252-KHV** |

## MEMORANDUM AND ORDER

This matter comes before the Court on <u>Plaintiff's Motion For Default Judgment With Memorandum In Support</u> (Doc. #9) filed July 21, 2010, which the Court construes as a motion for entry of default. For reasons set forth below, the Court finds that the motion should be sustained.

## Procedural History

On April 30, 2010, Vision Marketing Resources, Inc. filed a complaint which alleges that defendant McMillin Group, LLC breached a contract and committed fraud. <u>See</u> <u>Complaint</u> (Doc. #1). The complaint also alleges that defendant James McMillin used McMillin Group, LLC as an instrument to conduct his personal business. <u>Id.</u> Plaintiff asks the Court to disregard the status of McMillin Group, LLC as a corporate entity and enter judgment against James L. McMillin. <u>Id.</u> Plaintiff demands judgment against defendants for a fair and reasonable sum in excess of $75,000 as well as costs and pre-judgment and post-judgment interest. On May 24, 2010, plaintiff filed its <u>First Amended Complaint</u> (Doc. #6) which properly alleged diversity jurisdiction.

Plaintiff served McMillin Group, LLC on June 3, 2010, <u>see</u> Doc. #8, and James L. McMillin on June 9, 2010. <u>See</u> Doc. #7. Neither defendant filed a responsive pleading or has otherwise appeared

in the case.

## Analysis

Plaintiff asks the Court to enter default judgment in the amount of $226,500.00. Following defendants' failure to plead or defend, the Federal Rules of Civil Procedure contemplate entry of default by the clerk upon plaintiff's request. Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981); see Fed. R. Civ. P. 55(a). Pursuant to Rule 55(c), defendants can then seek to set aside the default. If defendants do not do so, or if the Court denies a motion to set aside the default, and if no hearing is needed to ascertain damages, the Court may enter judgment by default. Likewise, if defendants have not appeared, the clerk may enter default judgment. Fed. R. Civ. P. 55(b); Sheldon v. Khanal, No. 07-2112-KHV, 2007 WL 2213540, at *2 (D. Kan. Aug. 1, 2007) (citing Williams v. Smithson, 57 F.3d 1081 (Table), 1995 WL 365988, at *1 (10th Cir. June 20, 1995)) (Rule 55 mandates that party first receive entry of default under Rule 55(a), then apply for default judgment under Rule 55(b)). Finally, Rule 55(c) authorizes a motion to set aside a default judgment pursuant to Rule 60(b).

Because plaintiff may not proceed directly to default judgment before receiving an entry of default, Dewey v. City of Topeka, No. 97-4037-SAC, 1997 WL 833300, at *3 (D. Kan. Dec. 18, 1997), the Court construes its motion as one for entry of default rather than default judgment. The party seeking entry of default must show that the parties against whom default is sought have been properly served. Peterson v. Carbon County, 156 F.3d 1244 (Table), 1998 WL 458555, at *4 (10th Cir. Aug. 6, 1998) (because party has no duty to plead until properly served, sufficient service of process is prerequisite to entry of default); Everetson v. Topeka Ass'n. For Retarded Citizens, No. 05-4046-SAC, 2005 WL 2988716, at *1 (D. Kan. Oct. 11, 2005) (questions whether service was proper preclude entry of default). Under Rule 4(l), Fed. R. Civ. P., proof of service must be made to the Court by the process

server's affidavit. Here, plaintiff served both defendants with process and plaintiff filed proofs of service with the Court. In these circumstances, the Court finds that service on defendants is sufficient to permit entry of default. Because defendants failed to appear in this action and have not contested service or opposed plaintiff's motion for entry of default, the Court finds that entry of default against them is appropriate.

**IT IS THEREFORE ORDERED** that plaintiff's <u>Plaintiff's Motion For Default Judgment With Memorandum In Support</u> (Doc. #9) filed July 21, 2010, which the Court construes as a motion for entry of default, be and hereby is **SUSTAINED**. The Clerk is directed to enter default against McMillin Group, LLC and James L. McMillin on plaintiffs' claim.

Dated this 31st day of August, 2010 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge