# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| VISION MARKETING RESOURCES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 10-2252-KHV-TJJ |
| ) | |
| McMILLIN GROUP, LLC and ) | |
| JAMES L. McMILLIN, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION
## NOTICE

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), may file written objections to this Report and Recommendation. A party must file any objections within the fourteen-day period if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

**I.   MATTER BEFORE THE COURT**

By Order dated January 12, 2015 (ECF No. 44), District Judge Kathryn H. Vratil referred Plaintiff/Judgment Creditor's Motion for Judgment Against Garnishee (ECF No. 36) to the undersigned Magistrate Judge for a report and recommendation.[1] Plaintiff Vision Marketing Resources, Inc. ("Plaintiff") requests that judgment be entered against garnishee Wells Fargo

---

[1] The undersigned Magistrate Judge proceeds by Report and Recommendation upon Judge Vratil's referral order made under the "additional duties" jurisdiction under 28 U.S.C. § 636(b)(3) because 28 U.S.C. § 636(b)(1) does not expressly authorize a magistrate judge to consider post-judgment motions and the parties have not expressly consented to the exercise of jurisdiction by the magistrate judge pursuant to 28 U.S.C. § 636(c).

Bank, under K.S.A. 60-741, in the amount of the underlying judgment, post-judgment interest, and attorney's fees and costs based upon the garnishee's alleged failure to timely file an answer. For the reasons set forth below, the undersigned Magistrate Judge recommends that the motion be denied.

## II.     FINDINGS OF FACT

Plaintiff brought this diversity action, asserting claims for breach of contract and fraudulent misrepresentation against defendant McMillin Group, LLC ("McMillin Group"). Plaintiff alleged that it purchased several sets of golf clubs from McMillin Group that were not delivered and for which McMillin Group did not repay Plaintifff.  Plaintiff further alleged that defendant James L. McMillin used McMillin Group as an instrumentality to conduct his personal business.  Plaintiff served the summons and the First Amended Complaint on McMillin Group on June 3, 2010 (ECF No. 8), and on James L. McMillin on June 9, 2010 (ECF No. 7). Neither defendant filed a responsive pleading or otherwise appeared in the case.

On July 21, 2010, Plaintiff filed a motion for default judgment (ECF No. 9).  On August 31, 2010, the Court construed it as a motion for entry of default under Fed. R. Civ. P. 55(a), sustained it, and directed the clerk to enter default as to James L. McMillin and McMillin Group.

On October 7, 2010, Plaintiff filed a motion for default judgment against both defendants (ECF No. 12) pursuant to Fed. R. Civ. P. 55(b). The Court sustained the motion on January 31, 2011 (ECF No. 15) and directed the Clerk of the Court to enter a Judgment (ECF No. 16) against defendants McMillin Group and James L. McMillin in the sum of $101,500.00 in compensatory damages and $101,500.00 in punitive damages, prejudgment interest, interest thereon at the rate of .25% as provided by law, and its costs of the action.

On November 11, 2014, Plaintiff filed two applications for writ of garnishment.[2] The first application (ECF No. 27) asks the Clerk of the Court to issue execution for service by certified mail to "McMillin Group, LLC (a/k/a Bluewater Trading, Inc.)." The second application (ECF No. 28) asks the Clerk of the Court to issue execution for service by certified mail to "McMillin Group, LLC (a/k/a Buffalo Nickel Trading, LLC)."

The Clerk thereafter on November 12, 2014 entered two Writs of Garnishment (ECF Nos. 29 and 30) to garnishee Wells Fargo Bank as to money, property, or credits in its possession owned by James L. McMillin (ECF Nos. 29 and 30).[3] The first Writ of Garnishment (ECF No. 29) referenced Bluewater Trading, Inc. and listed a Canton, Georgia address for Judgment Debtor James L. McMillin (hereinafter referred to as the "Bluewater Writ of Garnishment"). The second Writ of Garnishment referenced Buffalo Nickel Trading, LLC and listed a Ball Ground, Georgia address for James L. McMillin (hereinafter referred to as the "Buffalo Nickel Writ of Garnishment"). Both Writs of Garnishment submitted by Plaintiff's counsel and issued by the Clerk of the Court also included: (1) a Notice of Garnishment and Summons of Garnishee, (2) an Order of Garnishment, (3) a blank Return of Service of Garnishment Order, and (4) Instructions to Garnishee.

---

[2] *See* Applications for Writ of Garnishment (ECF Nos. 27 and 28). The only discernable difference between the two applications for writ of garnishment is the a/k/a associated with Judgment Debtor McMillin Group, LLC. The first application references "McMillin Group, LLC (a/k/a Bluewater Trading, Inc.)" (ECF No. 27), while the second application references "McMillin Group, LLC (a/k/a Buffalo Nickel Trading, LLC)" (ECF No. 28).

[3] Although the writs were dated November 11, 2014, they were not filed until the following day, November 12, 2014.

The first sentence in the Instructions to Garnishee states: "You must complete the Answer form which accompanies these instruction within 10 days[4] after the garnishment order is served on you." However, there is no indication that an "Answer form" accompanied the Instructions to Garnishee.

Plaintiff filed its Returns of Service on November 17, 2014, indicating that it served the garnishment orders "along with two copies of the answer form" on Wells Fargo Bank by mail on November 15, 2014.[5] The Returns also indicate that service was by "Return Receipt Delivery" on November 17, 2014.[6]

Garnishee Wells Fargo Bank ("the Bank") mailed a letter to the Clerk of Court dated November 18, 2014 (ECF No. 35). The letter stated: "We are in receipt of your legal document(s) related to the above referenced matter. Attached you will find our response." The Bank further indicated that it held funds in the amount of $285. Attached to the letter was a copy of the Buffalo Nickel Writ of Garnishment previously issued by the Clerk on November 12, 2014. However, the letter itself references only the case number, without distinguishing between the Buffalo Nickel Writ of Garnishment and the Bluewater Writ of Garnishment. This letter was stamped received and filed by the Clerk on December 1, 2014 (ECF No. 35). The same day Plaintiff filed its motion for an order authorizing the Bank to deposit funds in the amount of $285 into the Court's registry (ECF No. 34).

---

[4] The Kansas Judicial Council's form Instructions to Garnishee was revised in November 2014. That form reflects that the Answer form must be completed within 14 days, rather than 10 days, after service of the garnishment order, in accordance with K.S.A. 60-736(b). The form is available at http://www.kansasjudicialcouncil.org/forms/chapter60_garnishment_att.shtml.

[5] *See* Returns of Service (ECF Nos. 32 and 33).

[6] *Id.*

The following day, December 2, 2014, Plaintiff filed the instant Motion for Judgment Against Garnishee (ECF No. 36), requesting that it be granted judgment against the Bank, for the amount of the $203,000 judgment, plus post-judgment interest, reasonable attorney fees and court costs. The certificate of service indicates that the motion was served on the Bank by mail. However, the Bank has not filed a response to the motion.

The Bank mailed a second letter to the Clerk of Court dated December 10, 2014 and filed December 12, 2014, responding to the Writ of Garnishment as to judgment debtor James L. McMillin and advising the Clerk of the Court that it held funds in the amount of $1365.97 (ECF No. 38). Once again, the letter stated: "We are in receipt of your legal document(s) related to the above referenced matter. Attached you will find our response." This time attached to the letter was a copy of the Bluewater Writ of Garnishment, Notice of Garnishment, Order of Garnishment, blank Return of Service of Garnishment Order, and Instructions to Garnishee issued by the Clerk on November 12, 2014.

On January 7, 2015, the Bank filed an "Amended Answer of Garnishee" (ECF No. 42) stating that it held funds in the amount of $285 for James L. McMillin and in the amounts of $179.43 and $1,186.54 for "McMillin Group, LLC A/K/A Bluewater Trading Inc." The Amended Answer appears to be the Kansas Judicial Council form answer of garnishee.

### III.  MOTION FOR JUDGMENT AGAINST GARNISHEE

In its Motion for Judgment Against Garnishee, Plaintiff claims that it is entitled to judgment against the Bank pursuant to Fed. R. Civ. P. 64(a) and K.S.A. 60-741, based upon the garnishee's failure to timely serve its answer to the order of garnishment. Plaintiff alleges in its motion that the Writ of Garnishment (ECF No. 29) was served on the Bank on November 17,

2014 by certified mail. It further alleges that the Bank's answer was due within 14 days, or on December 1, 2014, and the Bank had not submitted its answer by that date.

Federal Rule of Civil Procedure 69(a)(1) provides that "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." The Court therefore looks to the Kansas garnishment statutes, K.S.A. 60-719 through 60-743, on this post-judgment motion in aid of execution. As the garnishment here seeks to attach intangible property other than earnings of the debtor and the garnishee is a financial institution, the following Kansas garnishment statutes apply: K.S.A. 60-732, 60-733, 60-736, 60-739, and 60-741.

K.S.A. 60-732 sets forth the requirements for the order of garnishment, while K.S.A. 60-736 provides the requirements for a garnishee's answer. These garnishment statutes require that both the order of garnishment and the answer of the garnishee "shall be substantially in compliance with the forms set forth by the judicial council."[7] K.S.A. 60-732(b) also requires that "[t]he order of garnishment and appropriate form for the garnishee's answer shall be served on the garnishee in the same manner as process is served . . . ."

K.S.A. 60-736(b) requires that the garnishee complete an answer to the garnishment within 14 days after service of the order of garnishment. The garnishee is to send the completed answer to the judgment creditor's attorney at the address listed on the answer form, or if the

---

[7] *See* K.S.A. 60-732(a), 60-736(a), and 60-743.

judgment creditor does not have an attorney, to the judgment creditor and judgment debtor at the addresses listed on the answer form.[8]

K.S.A. 60-733 sets out additional requirements when the garnishment seeks to garnish funds held by a financial institution. One requirement is that the garnishee financial institution's answer include the statement that "[t]he amount of the funds, credits or indebtedness belonging to or owing the judgment debtor which I shall hold shall not exceed [the amount held by the bank subject to garnishment]."[9]

K.S.A. 60-741 provides the remedy when a garnishee fails to answer within the time and manner specified in the order of garnishment. It provides:

> If the garnishee fails to answer within the time and manner specified in the order of garnishment, the judgment creditor may file a motion and shall send a copy of the motion to the garnishee and the judgment debtor in the manner allowed under K.S.A. 60-205, and amendments thereto. At the hearing on the motion, the court may grant judgment against the garnishee for the amount of the judgment creditor's judgment or claim against the judgment debtor or for such other amount as the court deems reasonable and proper, and for the expenses and attorney fees of the judgment creditor. If the claim of the plaintiff has not been reduced to judgment, the liability of the garnishee shall be limited to the judgment ultimately rendered against the judgment debtor.[10]

Plaintiff claims as the basis for its motion that the Bank failed to timely submit an answer to garnishment. Based upon its review of the docket, the Court finds that the Bank did mail letters to the Clerk of Court attempting to answer the Orders of Garnishment. The first letter, dated November 18, 2011, was stamped received and filed by the Clerk on December 1, 2014. Thus, the Court finds that letter was timely, as it was submitted within 14 days after the order of

---

[8] K.S.A. 60-736(b)(1)–(2).

[9] K.S.A. 60–733(d)(1).

[10] K.S.A. 60-741.

garnishment was served on November 17, 2014. While this letter does not comply with K.S.A. 60-736(a) because it is not "substantially in compliance with" the Kansas Judicial Counsel's form Answer of Garnishee and fails to include the statement required from financial institutions by K.S.A. 60-733, the Bank later filed an Amended Answer (ECF No. 42) on January 7, 2015 that does comply with the statutes.

Accordingly, the Court finds that the Bank's subsequent Amended Answer cured any technical deficiencies in its prior, timely filed answer.[11] It therefore has answered "within the time and manner specified in the order of garnishment," and judgment should not be entered against it pursuant to K.S.A. 60-741. Additionally, it would be unreasonable and unjust to award the requested judgment of over $200,000 against the Bank under the circumstances in this case. There is no evidence that the Bank intentionally disregarded its duty to timely answer the Writs of Garnishment. In fact, in light of the minor differences between the two Writs of Garnishment served by Plaintiff (addresses and Bluewater versus Buffalo Nickel a/k/a), it is understandable that the Bank may have been confused by the two Writs and perhaps even initially thought they were duplicates, fully responded to with its first answer.

Even if the Court were to find that the Bank's December 1, 2014 filing was not technically within the "manner specified in the order of garnishment," K.S.A. 60-741 does not require or compel judgment against the garnishee. The statute's language is permissive: "the court *may* grant judgment against the garnishee for the amount of the judgment creditor's judgment or claim against the judgment debtor or for such other amount as the court deems

---

[11] Notably, the Bank's first answer attached only the garnishment documents relating to the Buffalo Nickel Writ of Garnishment (ECF No. 35). The Bank's second answer attached only the garnishment documents relating to the Bluewater Writ of Garnishment (ECF No. 38). The Bank's Amended Answer referenced both James McMillin and Bluewater Trading, Inc. (ECF No. 42).

reasonable and proper, . . . ."[12]  Kansas courts addressing the statute for obtaining judgment against a garnishee based upon a failure to answer have interpreted it liberally.[13]  In *McCreery v. McCreery*,[14] the garnishee answered by crossing out the form language stating that the garnishee has delivered no money or property to the defendants since receiving the order and inserting simply that the amount it owed was "None." In reversing a default judgment entered against the garnishee for failure to answer, the Kansas Supreme Court stated:

> We can see justification for a judgment in favor of the plaintiff when the garnishee completely ignores the garnishment order. . . . We can see no justification for employing the harsh results of substituting one debtor for another after a garnishee has submitted himself to the jurisdiction of the court. In this situation, even though a garnishee fails to supply information of a material nature to the interests of the plaintiff, the plaintiff has remedies and the court has jurisdiction to enforce those remedies.[15]

In addition, the court stated:

> [A]s long as a garnishee submits himself to the jurisdiction of the court the discovery provisions of the code give ample tools to the plaintiff to protect and enforce all rights intended to be provided to support his interests. Whenever a garnishee makes an appearance in an action no judgment should be entered against him without providing an opportunity to fully answer and present his defenses.[16]

---

[12] K.S.A. 60-741 (emphasis added).

[13] *See McCreery v. McCreery*, 210 Kan. 99, 101–104, 499 P.2d 1118, 1121–1123 (1972) (Even though the garnishee's answer was not strictly in conformity with the requirements of the statute in effect at that time, K.S.A. 60-718 (repealed in 2002), it constituted an appearance and in the light of the discovery tools available to the judgment creditor no judgment should be rendered against the garnishee for default without providing the garnishee with an opportunity to fully answer and present its defenses.); *E & M Ready-Mix & Pre-Cast, Inc. v. Sanders*, 20 Kan. App. 2d 533, 539, 889 P.2d 808, 812 (1995) (commenting that the statute for obtaining judgment against a garnishee has been interpreted liberally).

[14] 210 Kan. at 101, 499 P.2d at 1121.

[15] 210 Kan. at 102–03, 499 P.2d at 1121–22.

[16] 210 Kan. at 104, 499 P.2d at 1123.

Under the precedent set by these cases, the Court finds that even if the Bank's timely submitted answer was technically deficient and even though it did not respond to the Bluewater Writ of Garnishment, it was still sufficient to constitute an appearance in the action. Given that the Bank did serve a proper amended answer within a relatively short time after it initially responded to the Writs, no judgment should be entered against it under K.S.A. 60-741.

Entry of judgment against the Bank based upon technical deficiencies in its answer to garnishment is further not justified given Plaintiff's own noncompliance with K.S.A. 60-732 by its apparent failure to serve "the appropriate form for the garnishee's answer" along with the order of garnishment.  The garnishment documents provided by Plaintiff and issued by the Clerk do not indicate that an "Answer of Garnishee" form was included, even though the Instructions to Garnishee referred to an answer form as accompanying the instructions and the returns of service indicate that the garnishment orders were served "along with two copies of the answer form."  The attachments to the letters the Bank mailed to the Clerk of the Court (instead of the answer form) also suggest that Plaintiff did not provide the Bank with a form answer when Plaintiff served the order of garnishment.  Additionally, Plaintiff created confusion by serving two Writs of Garnishment, which could easily be mistaken as mere duplicates.  This confusion likely could have been avoided had Plaintiff served one Writ of Garnishment upon the Bank identifying McMillin Group by both of its "also known as" names.

For all of the reasons stated herein,

## RECOMMENDATION

IT IS THEREFORE RECOMMENDED THAT Plaintiff/Judgment Creditor Vision Marketing Resources, Inc.'s Motion for Judgment Against Garnishee (ECF No. 36) be DENIED.

A copy of this Report and Recommendation will be mailed to Garnishee Wells Fargo Bank at the address listed in the motion.

Respectfully submitted.

Dated in Kansas City, Kansas on this 4th day of March 2015.

*s/ Teresa J. James*
Teresa J. James
United States Magistrate Judge
