UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| VISION MARKETING RESOURCES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 10-2252-KHV-TJJ |
| | ) | |
| McMILLIN GROUP, LLC and | ) | |
| JAMES L. McMILLIN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon Plaintiff/Judgment Creditor's Application for Examination of Judgment Debtor (ECF No. 49). Pursuant to Fed. R. Civ. P. 69(a)(1) and K.S.A. 60-2419, Plaintiff applies for an order in aid of execution directing and requiring Defendants, McMillin Group, LLC, by and through James McMillin and James McMillin individually ("Judgment Debtors"), to appear before the Court again to be examined and answer concerning the Judgment Debtors' property and income. This is Plaintiff's second application for a hearing in aid of execution on its default judgment. Plaintiff's first application, which included a list of 32 categories of documents and information for the Judgment Debtors to produce at the hearing, was denied without prejudice as exceeding the appropriate scope of post-judgment discovery.[1] After Plaintiff amended its application, the Court granted it and entered an order directing James McMillin to appear on behalf of the Judgment Debtors for a hearing in aid of execution on

---

[1] *See* June 30, 2014 Order (ECF No. 21).

September 16, 2014 in Kansas City, Kansas.[2] During that hearing, Mr. McMillin, who appeared in person and through counsel, was placed under oath and examined by Plaintiff's counsel.[3]

Judgment Debtors oppose the motion for a second hearing in aid of execution (ECF No. 55). They point out that Mr. McMillin, who resides in Georgia, already incurred expenses traveling to Kansas City, Kansas, to appear for a hearing in aid of execution just six months ago. Mr. McMillin claims that he has limited financial resources and does not currently have assets or funds to travel to Kansas City again for another hearing in aid of execution. Judgment Debtors argue that K.S.A. 60-2419 requires a finding by the Court that ordering an out-of-state judgment debtor to appear at a hearing in aid of execution will not cause undue hardship on the debtor. They also argue that Plaintiff has other post-judgment remedies that would allow it to obtain the information it seeks, such as taking Mr. McMillin's deposition in Georgia or issuing written interrogatories and requests for production. Finally, they assert that if Plaintiff is insistent on conducting another hearing in aid of execution in Kansas City, Kansas, then Plaintiff should pay the travel costs for Mr. McMillin to attend the hearing.

K.S.A. 60-2419 allows the Court to order a judgment debtor "residing in another county in this state" to appear at a hearing in aid of execution if the Court finds "it will not cause undue hardship on the judgment debtor." Although Judgment Debtor McMillin is not a debtor "residing in another county in *this* state,"[4] but resides farther away in another state, the Court concludes it is even more important that the Court consider whether it will cause undue hardship for the out-of-state debtor to appear. In this case, the Court cannot find that "it would not cause

---

[2] *See* July 14, 2014 Order Setting Judgment Debtors' Examination (ECF No. 23).

[3] *See* Minute Sheet for Hearing in Aid of Execution (ECF No. 26).

[4] K.S.A. 60-2419 (emphasis added).

undue hardship" on Mr. McMillin to travel to Kansas City again to appear for a second hearing in aid of execution before this Court. Judgment Debtors claim that the expense of Mr. McMillin traveling from his residence in Georgia to Kansas would constitute an undue hardship upon him, as contemplated by K.S.A. 60-2419, as he does not have the necessary funds to travel for an appearance before this Court. Based upon these unrefuted statements,[5] the Court cannot find that "it would not cause undue hardship" upon Mr. McMillin to travel to Kansas City for a second hearing in aid of execution.

Mr. McMillin previously traveled to Kansas City and appeared at a hearing in aid of execution on September 16, 2014, only seven months ago. Plaintiff does not indicate any facts in its motion suggesting a change in any of the Judgment Debtors' circumstances justifying a second hearing aid in execution, or why other post-judgment discovery could not suffice to obtain information concerning any income and assets of the Judgment Debtors. The Court notes that on April 6, 2015, Plaintiff served post-judgment discovery, consisting of its First Set of Interrogatories and First Set of Request for Production of Documents to Defendants McMillin Group, LLC and James L. McMillin.[6] The Court also notes that Plaintiff could register its judgment in Georgia and pursue collection efforts there.[7] Accordingly,

---

[5] Plaintiff filed a brief motion lacking any compelling factual or legal justification for requiring Judgment Debtor McMillin to travel from Georgia to Kansas for a hearing in aid of execution only seven months after the prior hearing in aid of execution. Plaintiff did not file a reply or otherwise refute the arguments set out in the Judgment Debtors' response.

[6] *See* Cert. of Service (ECF No. 57).

[7] The Court is mindful, too, that Plaintiff's judgment against Judgment Debtors is a default judgment consisting of $101,500.00 in compensatory damages and $101,500.00 in punitive damages, plus interest and costs. *See* Jan. 31, 2011 Judgment in a Civil Case (ECF No. 16).

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Examination of Judgment Debtor (ECF No. 49) is denied without prejudice.  Any future application shall explain why other post-judgment discovery is not satisfactory or contain other reasons justifying setting a subsequent hearing in aid of execution that requires Mr. McMillin to travel from Georgia to Kansas City, Kansas.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 24th day of April, 2015.

                                                *s/ Teresa J. James*
                                                Teresa J. James
                                                United States Magistrate Judge