## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

VISION MARKETING RESOURCES, INC.,  )
  )
        Plaintiff,  )
vs.  )     Case No. 10-2252-KHV-TJJ
  )
McMILLIN GROUP, LLC and  )
JAMES L. McMILLIN,  )
  )
        Defendants.  )

## REPORT AND RECOMMENDATION
### NOTICE

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), may file written objections to this Report and Recommendation. A party must file any objections within the fourteen-day period if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

### NATURE OF THE MATTER BEFORE THE COURT

Plaintiff/Judgment Creditor has filed a Request for Charging Order (ECF No. 31) asking the Court to issue a charging order against the interests of Judgment Debtors McMillin Group, LLC and James L. McMillin in the Georgia limited liability company Buffalo Nickel Trading, LLC to satisfy the judgment obtained in this case. By Order dated December 2, 2014 (ECF No. 36), District Judge Kathryn H. Vratil referred the Request for Charging Order to the undersigned Magistrate Judge. Because 28 U.S.C. § 636 does not expressly authorize a magistrate judge to

consider post-judgment motions[1] and the parties have not consented under 28 U.S.C. § 636(c), the undersigned Magistrate Judge proceeds by Report and Recommendation.  In *Colorado Building & Construction Trade Council v. B.B. Andersen Construction Co.*,[2] the Tenth Circuit— apparently finding a post-judgment order on a dispute among competing creditors of a judgment debtor was a final appealable order under 28 U.S.C. § 1291—held that the magistrate judge who entered the post-judgment order had no power to enter it.  The court indicated that although Section 636(b)(3) provides that "[a] magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States,"[3] a magistrate judge "is not authorized to render final appealable decisions within the meaning of 28 U.S.C. § 1291, absent both designation by the district court and consent of the parties under 28 U.S.C. § 636(c)."[4]  Given the possibility that the post-judgment entry of a charging order sought here could be considered a final appealable decision under Section 1291,[5] Plaintiff's Request for

---

[1] *See Colorado Bldg. & Const. Trade Council v. B.B. Andersen Const. Co., Inc.*, 879 F.2d 809, 811 (10th Cir. 1989) ("Section 636 does not expressly authorize a district court to designate a magistrate to handle post-judgment matters.");  *Stallings v. Ritter*, 345 F. App'x 366, 368 (10th Cir. 2009) ("28 U.S.C. § 636 does not directly address a magistrate judge's authority to enter post-judgment motions."); *The Soc. of Lloyd's v. Bennett*, 204 F. App'x 728, 731 (10th Cir. 2006) (although declining to reach the merits, the court found a magistrate judge's post-judgment order on garnishment objections involved "interesting and complex arguments concerning the scope of a magistrate judge's authority to issue post-judgment orders under the Federal Magistrates Act").  *See also* 28 U.S.C. § 636(b)(1) ("[A] judge may designate a magistrate judge to hear and determine any *pretrial* matter pending before the court, except . . . [list of excepted motions].") (emphasis added).

[2] 879 F.2d at 810 n.1.

[3] *See also* D. Kan. Rule 72.1.1(i) (enumerating seventeen additional functions and duties to be performed by magistrate judges under 28 U.S.C. § 636(b)(3), including performance of "any additional duty that is not inconsistent with the Constitution and laws of the United States").

[4] *Colorado Bldg.*, 879 F.2d at 811.

[5] *See Roose v. Patrick*, 98 F. App'x 719, 723 (10th Cir. 2004) (A post-judgment order will be treated as "final" for purposes of 28 U.S.C. § 1291 if it "disposes of all issues raised in the post-judgment

2

Charging Order will be addressed in the form of a Report and Recommendation to the District Judge.

## I.     FINDINGS OF FACT

Plaintiff brought this diversity action, asserting claims for breach of contract and fraudulent misrepresentation against defendant McMillin Group, LLC.  Plaintiff alleged that it purchased several sets of golf clubs from McMillin Group, LLC that were not delivered and McMillin Group, LLC failed to refund Plaintiff's payments for the golf clubs.  Plaintiff further alleged that defendant James L. McMillin used McMillin Group, LLC as an instrumentality to conduct his personal business.  Plaintiff served the summons and the First Amended Complaint on McMillin Group, LLC on June 3, 2010 (ECF No. 8), and on James L. McMillin on June 9, 2010 (ECF No. 7).  Neither defendant filed a responsive pleading or otherwise appeared in the case.

On July 21, 2010, Plaintiff filed a motion for default judgment (ECF No. 9).  On August 31, 2010, the Court construed it as a motion for entry of default under Fed. R. Civ. P. 55(a), sustained it, and directed the clerk to enter default as to James L. McMillin and McMillin Group.

On October 7, 2010, Plaintiff filed a motion for default judgment against both defendants (ECF No. 12) pursuant to Fed. R. Civ. P. 55(b). The Court sustained the motion on January 31, 2011 (ECF No. 15) and directed the Clerk of the Court to enter a Judgment (ECF No. 16) against defendants McMillin Group and James L. McMillin in the sum of $101,500.00 in compensatory

motion."). *See also Vance v. Spring Hill Signs, LLC,* No. 2013-CA-001264-MR, 2015 WL 1636832, at *3 (Ky. Ct. App. Apr. 10, 2015) (finding a charging order was a final order because it adjudicated all of the claims to post-judgment relief in terms of a charging order against the debtor's interest in the LLCs, as well as all rights to distributions in the LLCs). *But see Jack M. Sanders Family Ltd. P'ship v. Roger T. Fridholm Revocable, Living Trust,* 434 S.W.3d 236, 244 (Tex. App. 2014) (finding a charging order was not a final order because it did not dispose of all issues raised at that particular stage of the proceedings).

damages and $101,500.00 in punitive damages, prejudgment interest, interest thereon at the rate of .25% as provided by law, and its costs of the action.

On November 13, 2014, Plaintiff filed its Request for Charging Order (ECF No. 31) asking the Court to issue a charging order against the interests of Judgment Debtors McMillin Group, LLC and James L. McMillin in the limited liability company Buffalo Nickel Trading, LLC for the purpose of collection of the $203,000 judgment. Plaintiff's Request lists a Georgia address for both Judgment Debtors, and a different Georgia address for "garnishee" Buffalo Nickel Trading, LLC. Plaintiff also states in its Request that it has a "good faith belief that the party to be served with writ of execution has, or will have, assets of the judgment debtor." Plaintiff submitted a proposed Charging Order along with its Request that commands Buffalo Nickel Trading, LLC to:

> charge the ownership interest or payments of McMillin Group, LLC and/or James L. McMillin in Buffalo Nickel Trading, LLC, all payments to be received to be applied to the satisfaction of the above-named Plaintiff's claim, or so much thereof as will satisfy said Plaintiff's claim in the sum of $203,000.00, and the further sum of $275.00 as the probable court costs of the above-entitled action; and you will return this writ to the undersigned within 30 days of receipt.

On February 26, 2015, the Court entered an order directing Plaintiff to show cause why its request for a charging order should not be denied (1) for lack of jurisdiction over the Georgia limited liability company, Buffalo Nickel Trading, LLC; and/or (2) because K.S.A. 17-76,113 appears to limit its application to charging orders issued against interests in Kansas LLCs, and not foreign LLCs.[6]

---

[6] Feb. 26, 2015 Notice and Order to Show Cause (ECF No. 47).

Plaintiff filed its response on March 13, 2015,[7] arguing that jurisdiction over Buffalo Nickel Trading, LLC is not necessary for the Court to grant the request for a charging order against the interests of its member, Judgment Debtor James McMillin.  Plaintiff contends that the Court only needs jurisdiction over the LLC member, because it is the LLC member's interest and rights in the LLC that are affected and not the other LLC members or the LLC itself.  It claims that as a judgment creditor it has only the limited rights of an assignee of the LLC member's interest to be charged.  Plaintiff also urges the Court to construe K.S.A. 17-76,113 as not limited to Kansas LLCs because the statute does not expressly exclude foreign LLCs.

## II.    CONCLUSIONS OF LAW

### A.    Jurisdiction to Issue the Requested Charging Order

Plaintiff's post-judgment request for an LLC charging order is authorized by Fed. R. Civ. P. 69(a)(1), which provides that "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."  As this Court is located in Kansas and there is no applicable federal statute,[8] the Court looks to the Kansas statute governing the rights of judgment creditors in a judgment debtor's interest in limited liability company interest to satisfy a judgment.  That statute, K.S.A. 17-76,113, provides, in pertinent part:  "On application by a judgment creditor of a member or of a

---

[7] Pl.'s Resp. to Notice and Order to Show Cause (ECF No. 52).

[8] *See Arvest Bank v. Byrd*, No. 10-02004, 2014 WL 4161987, at *2 (W.D. Tenn. Aug. 19, 2014) ("No federal statute governs enforcement of a judgment against a member's interest in a limited liability company.").

member's assignee, a court having jurisdiction may charge the limited liability company interest of the judgment debtor to satisfy the judgment."[9]

As it noted in the Show Cause Order, the Court has jurisdiction over Plaintiff and Defendants/Judgment Debtors,[10] but does not have personal jurisdiction over the non-party, foreign limited liability company Buffalo Nickel Trading, LLC.  It has never been a party to this action.  There is no allegation or evidence that this LLC was formed in Kansas, is registered to do business in Kansas, does business in Kansas, has assets in Kansas or has any connection to Kansas other than one of its members was sued and had a judgment entered against him in Kansas.

Another way the Court could have jurisdiction would be *in rem* jurisdiction over the property interest to be charged.[11]  In this case, however, the Court does not have *in rem* jurisdiction over the LLC membership interest to be charged because the intangible membership interest in the Georgia limited liability company Buffalo Nickel Trading, LLC is not "found" in Kansas,[12] but in Georgia, where Judgment Debtor James McMillin resides.[13]

_____

[9] K.S.A. 17-76,113.

[10] *See Wayman v. Southard*, 23 U.S. (10 Wheat.) 1, 23 (1825) ("The jurisdiction of a Court is not exhausted by the rendition of its judgment, but continues until that judgment shall be satisfied.").

[11] *See* Carter G. Bishop, *LLC Charging Orders: A Jurisdictional & Governing Law Quagmire*, 12 No. 3 BUSENT 14, 21 (May/June 2010) (identifying three ways a court can have jurisdiction to enter an LLC charging order:  (1) Personal jurisdiction over the member, (2) In rem jurisdiction over the LLC membership interest to be charged, or (3) Personal jurisdiction over the LLC itself).

[12] *See* Fed. R. Civ. P. 4(n)(2) (permitting the court to assert in rem jurisdiction over the defendant's assets found in the district if court cannot obtain personal jurisdiction over defendant).

[13] *Koh v. Inno-Pac. Holdings, Ltd.*, 114 Wash. App. 268, 269, 54 P.3d 1270, 1271 (2002) ("Normally, personal property is found, for purposes of levy or attachment, where it is physically located or where the owner resides. The interest of a member in a limited liability company is personal property.").  *But see* Bishop, *LLC Charging Orders*, *supra* note 11, at 21 (arguing that "[b]ecause an LLC

Plaintiff cites *Rockstone Capital, LLC v. Marketing Horizons, LTD*[14] in support of its argument that the Court does not need jurisdiction over Buffalo Nickel Trading, LLC in order to issue the requested charging order against the interests of LLC member, Judgment Debtor James McMillin, but only needs jurisdiction over the LLC member.  Plaintiff reasons that jurisdiction over the LLC is not necessary because only the LLC member's interest and rights in the LLC are affected and not the other LLC members or the LLC itself.  It claims that as a judgment creditor it has only the limited rights of an assignee of the LLC member's interest to be charged.  Plaintiff cites no Kansas authority in support of its contention.

The Court likewise found no Kansas authority on this issue, but it has identified several cases in which other state's appellate courts have rejected arguments that courts entering charging orders did not have jurisdiction over non-party LLC entities.  In *Hotel 71 Mezz Lender, LLC v. Falor*,[15] the Court of Appeals of New York held that since an LLC interest is intangible personal property, personal and subject matter jurisdiction over the LLC member equates to personal jurisdiction over the LLC interest owned by that member.  In *Rockstone Capital*,[16] the Connecticut Superior Court noted that the statute governing the issuance of a charging order against a LLC did not require that the LLC be made a party and it was not necessary to make the LLC a party because a charging order merely gives the judgment creditor the rights of an

---

membership interest is intangible personal property, it must be 'located' somewhere, and the proper location is the state whose LLC act created the entity (thereby giving rise to the interest)").

[14] No. NNHCV065006818S, 2013 WL 4046597, at *1 (Conn. Super. Ct. July 17, 2013).

[15] 14 N.Y.3d 303, 310–12, 926 N.E.2d 1202, 1206–08 (2010).

[16] 2013 WL 4046597, at *1.

assignee of the member's interest in the LLC.  In *Bank of America, N.A. v. Freed*,[17] the Illinois Appellate Court found the language of the Illinois LLC Act supported a finding that a court only needs to have jurisdiction over the judgment debtor to enter charging orders against the judgment debtor's interest and the trial court did not err in entering charging orders against LLCs even though they were not named as parties.[18]  It reasoned that charging orders on distributional interests do not affect the rights or interests of the LLC to the degree necessary to require that it be made a party to the action.[19]  The Court of Appeals of Georgia in *Mahalo Investments III, LLC v. First Citizens Bank & Trust Co.*[20] has likewise held that under Georgia's LLC charging order statute, "it is only necessary for a court to have jurisdiction over the judgment debtor to have the authority to enter charging orders against the judgment debtor's interest."  The *Mahalo* court rationalized that the LLC does not need to be added as a party to the proceeding to obtain a charging order because the LLC has no right or direct interest that is affected by the charging order; it is the judgment debtor who has the right to possession of LLC distributions in the future that is essentially being levied or charged.[21]  From the LLC's standpoint, "it is business as usual except that any distributions to the member subject to the charging order are diverted to the judgment creditor." [22]

---

[17] 2012 IL App (1st) 110749, ¶ 1, 983 N.E.2d 509, 521–22 (Dec. 28, 2012).

[18] 983 N.E.2d at 522.

[19] *Id.* at 521.

[20] 330 Ga. App. 737, 743, 769 S.E.2d 154, 158–59 (2015).

[21] 330 Ga. App. at 743, 769 S.E.2d at 158.

[22] *Id.*

Although the cases discussed above are not binding precedent, the Court agrees with the rationale expressed in them.  It therefore concludes that it has the requisite jurisdiction needed to issue a charging order against the LLC member interest of Judgment Debtor James McMillin by its continuing jurisdiction over Plaintiff and Defendants/Judgment Debtors.  The Court need not have jurisdiction over the LLC entity itself in order to issue a charging order, when it has jurisdiction over the LLC member because the LLC has no right or direct interest affected by the charging order.  Rather it is the judgment debtor's interest in and right to future distributions of the LLC that is being charged.  As provided by the Kansas charging order statute, the charging order constitutes a lien on the judgment debtor's LLC interest.[23]  It only grants Plaintiff the right to receive any distribution or distributions to which the judgment debtor would otherwise have been entitled with respect to such LLC interest.[24]  The statute further provides that no creditor of a member or of a member's assignee shall have any right to obtain possession of, or otherwise exercise legal or equitable remedies with respect to, the property of the LLC.[25] These provisions make it clear that it is the judgment debtor's interest in and rights to the LLC interest that are affected by the charging order.

Plaintiff has convinced the Court that this case is distinguishable from the 1991 District of Kansas case, *Beech Acceptance Corp. v. Connell*,[26] wherein the court held that it did not have jurisdiction over the Texas partnership or its nondebtor partners to issue a charging order or require a judicial sale of the partnership interest.  As pointed out by Plaintiff, judgment creditors

---

[23] K.S.A. 17-76,113(b).

[24] K.S.A. 17-76,113(a).

[25] K.S.A. 17-76,113(e).

[26] 771 F. Supp. 1154, 1155–56 (D. Kan. 1991).

have different remedies based upon whether the interest to be charged is in a partnership or an LLC. Plaintiff claims that unlike a judgment debtor's interest in a partnership, a judgment creditor's sole and exclusive remedy with respect to a debtor's interest in an LLC is a charging order. Plaintiff further claims there is no statutory right to foreclose on an LLC and, therefore, the charging order will not affect the LLC or the other member's rights in the LLC. Given these differences, the Court agrees the *Beech* case is factually distinguishable from this case. The Court further notes that in the *Beech* case, although the court did not issue a charging order, it did order the judgment debtor to produce his personal records and documents evidencing his rights and interest in the Texas partnership and to pay over to the judgment creditor all distributions, profits, or income received by him from the Texas partnership.[27]

Accordingly, because the Court has jurisdiction over Judgment Debtor James McMillin, the Court has jurisdiction to enter a charging order under K.S.A. 17-76,113 against Judgment Debtor James McMillin's LLC property interests in Buffalo Nickel Trading, LLC. It does not need to have personal jurisdiction over the non-party foreign limited liability company Buffalo Nickel Trading, LLC.

### B.    Applicability of K.S.A. 17-76,113 to Non-Kansas LLCs

The second issue raised in the Court's Show Cause Order was whether the Court could issue a charging order against an LLC member's interest in a foreign non-Kansas LLC under K.S.A. 17-76,113, based upon language suggesting that the charging order statute only applies to LLCs formed under the law of the state of Kansas. The Court cited two state court cases— reaching opposite conclusions—on the issue of whether the state's LLC charging order statute

---

[27] *Id.* at 1156.

applied to foreign LLCs: *Fannie Mae v. Heather Apartments Limited Partnership*,[28] and *Rockstone Capital, LLC v. Marketing Horizons, LTD.*[29] In *Fannie Mae*, the Minnesota Court of Appeals held that under the applicable Minnesota charging order statute, Minn. Stat. §§ 322B.32, the definition of "limited liability company" excluded foreign LLCs, and therefore the provisions for obtaining a charging order only applied to Minnesota LLCs.[30]  In contrast, the *Rockstone Capital* court construed the applicable Connecticut statute, Conn. Gen. Stat. Ann. § 34-171, to include foreign LLCs as well as domestic LLCs in granting charging orders.[31]  The *Rockstone Capital* court found no constraints in the charging order statute that limited its application solely to domestic LLCs.[32]

In its response to the Show Cause Order, Plaintiff argues that the Court should look to the *Rockstone Capital*[33] case rather than the *Fannie Mae*[34] case as instructive on this issue because the Connecticut LLC statute bears a closer resemblance to the Kansas statute, including its definition of an LLC.  Plaintiff points out that the Minnesota statute's definition of "limited liability company" specifically excepts a foreign limited liability company.

---

[28] No. A13-0562, 2013 WL 6223564 (Minn. App. Dec. 2, 2013).

[29] No. NNHCV065006818S, 2013 WL 4046597 (Conn. Super. Ct. July 17, 2013).

[30] 2013 WL 6223564, at *6 (noting that Minn. Stat. § 322B.03, subd. 28 defined a "limited liability company" as "a limited liability company, *other than a foreign limited liability company*, organized or governed by this chapter.") (emphasis added).

[31] 2013 WL 4046597, at *3.

[32] *Id.*

[33] 2013 WL 4046597.

[34] 2013 WL 4046597.

The Kansas charging order statute, K.S.A. 17-76,113, provides that "[o]n application by a judgment creditor of a *member* . . . a court having jurisdiction may charge the limited liability company interest of the judgment debtor to satisfy the judgment."[35]  The term "member" is defined as:

> a person who is admitted to a limited liability company as a member as provided in K.S.A. 17-7686, and amendments thereto, or, in the case of a foreign limited liability company, in accordance with the laws of the state or foreign country or other foreign jurisdiction under which the foreign limited liability company is formed.[36]

"Limited liability company interest" is defined in K.S.A. 17-7663(g) as "a member's share of the profits and losses of a limited liability company and a member's right to receive distributions of the limited liability company's assets."  The term "limited liability company" is defined as "a limited liability company formed under the laws of the state of Kansas and having one or more members."[37]  A "foreign limited liability company" is separately defined by K.S.A. 17-7663(d) as a "limited liability company formed under the laws of any state or under the laws of any foreign country or other foreign jurisdiction and denominated as such under the laws of such state or foreign country or other foreign jurisdiction."

The definition of "member," which specifically includes a person who is admitted to a foreign LLC, suggests that a court having jurisdiction can issue a charging order against a foreign LLC under K.S.A. 17-76,113.  However, because the term "limited liability company" appears to be limited to those "formed under the laws of the state of Kansas," this suggests the opposite—that a court does not have authority to issue a charging order against the interests in

---

[35] Emphasis added.

[36] K.S.A. 17-7663(j).

[37] K.S.A. 17-7663(f).

LLCs formed under another state's laws.  One commentator has remarked on this as a foreign

LLC "glitch" in the Revised Uniform Limited Liability Company Act ("RULLCA").  Jay D.

Adkisson, in his paper, *Charging Orders, The Misunderstood Theory –vs– The Trenches of*

*Litigation*, has described this as a glitch of statutory drafting resulting from how a "limited

liability company" is defined under Section 102 of the RULLCA, the lack of any section

authorizing charging orders under Article 8 (applying to foreign LLCs), and because Section 503

(which authorizes charging orders) does not make any reference to a foreign limited liability

company.[38]

Based upon the inconsistencies in the definitions and absence of any language in K.S.A.

16-76,113 specifically excepting its provisions from applying to a member's interest in a foreign

(non-Kansas) LLC, the Court concludes that K.S.A. 16-76,113 is not limited to interests in

Kansas LLCs, and a charging order may be issued against an LLC member's interest in a foreign

(non-Kansas) LLC.  This conclusion is supported by the purpose of a charging order, which is to

execute or collect upon a judgment.  It is a post-judgment remedy by which the judgment

creditor attempts to collect its judgment from future LLC distributions that may flow to the

judgment debtor by diverting any such future distributions to the creditor.[39]  "In the typical case,

the debtor remains the owner of the membership interest, with all of the associated rights, except

that the creditor is entitled to the member's share of LLC distributions needed to pay the debt if

and when the distributions are made."[40]  Limiting the issuance of charging orders under K.S.A.

---

[38] Univ. Tex. Sch. of Law Continuing Legal Educ. LLCs, LPs, & P'ship Conf. 2014, 38–39 (July 10–11, 2014).

[39] Norman W. Nash & Jeffrey T. Bedingfield, *Charging Partnership & LLC Interests to Satisfy Debts of Individuals*, 23 Colo. Law. 2743, Dec. 1994.

[40] Mark A. Sargent and Walter D. Schwidetzky, Limited Liability Company Handbook § 3:99.

16-76,113 to judgment debtor interests in Kansas-formed LLCs would further significantly hinder a judgment creditor in Kansas from attempting to collect its judgment from a debtor with interests in foreign LLCs.  The judgment creditor would be forced to investigate where each LLC was formed and seek a charging order against the debtor's interest in each of those states.  The Court concludes that the Kansas legislature likely did not intend such a result, which could significantly hinder the ability of a judgment creditor to collect its judgments.

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED THAT** Plaintiff/ Judgment Creditor's Request for Charging Order (ECF No. 31) be GRANTED and a charging order be entered in favor of Plaintiff against the interests of Judgment Debtors McMillin Group, LLC and James L. McMillin in Buffalo Nickel Trading, LLC, pursuant to K.S.A. 17-76,113, in the form attached to this Report and Recommendation as Attachment A.[41]

Respectfully submitted.

Dated in Kansas City, Kansas on this 8th day of May, 2015.

 *s/ Teresa J. James*
Teresa J. James
United States Magistrate Judge

---

[41] The Court rejects the proposed charging order submitted by Plaintiff, which fails to quote the applicable statute, K.S.A. 17-76,113, but instead quotes the pre-1998 statute authorizing the issuance of a charging order in a partnership interest, K.S.A. 56-328(a), which has been repealed and replaced by K.S.A. 56a-1a403.  The proposed order also includes garnishment-style answer instructions and warnings that are not applicable in a charging order.

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| VISION MARKETING RESOURCES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 10-2252-KHV-TJJ |
| | ) | |
| McMILLIN GROUP, LLC and | ) | |
| JAMES L. McMILLIN, | ) | |
| | ) | |
| Defendants. | ) | |

**CHARGING ORDER PURSUANT TO K.S.A. 17-76,113**

Plaintiff/Judgment Creditor has filed its Request for Charging Order (ECF No. 31) requesting the Court enter, pursuant to K.S.A. 17-76,113, a charging order against the interests of Defendants/Judgment Debtors McMillin Group, LLC and James L. McMillin in Buffalo Nickel Trading, LLC for the purpose of collecting the unsatisfied judgment entered in this case.

The Court finds that on January 31, 2011, it entered Judgment (ECF No. 16) in favor of Plaintiff and against Defendants McMillin Group, LLC and James L. McMillin in the amount of $101,500.00 in compensatory damages and $101,500.00 in punitive damages, with prejudgment interest and with interest thereon at the rate of .25% as provided by law, and its costs of action (the "Judgment"). The Court further finds that this Judgment remains unsatisfied. Plaintiff alleges in its Request that it has a good faith belief that Buffalo Nickel Trading, LLC has or will have assets of the Judgment Debtors McMillin Group, LLC and James L. McMillin.

IT IS HEREBY ORDERED THAT the interests of Judgment Debtors McMillin Group, LLC and James L. McMillin in the limited liability company known as Buffalo Nickel Trading, LLC, with the address of 212 David Mill Road, Ball Ground, Georgia 30107, are hereby charged

15

with the unpaid balance of the January 31, 2011 Judgment entered in favor of Plaintiff Vision

Marketing Resources, Inc. and against Defendants McMillin Group, LLC and James L. McMillin

in the total amount of $203,000, with prejudgment interest and with interest thereon at the rate of

.25% as provided by law, and its costs of action.

IT IS FURTHER ORDERED THAT Buffalo Nickel Trading, LLC and

Defendants/Judgment Debtors McMillin Group, LLC and James L. McMillin shall pay any

money or property due or to become due to McMillin Group, LLC or James L. McMillin directly

to Plaintiff Vision Marketing Resources, Inc. until the amount remaining due on the Judgment,

plus all accrued interest and costs thereon, is paid in full.

IT IS FURTHER ORDERED THAT to the extent so charged, Plaintiff Vision Marketing

Resources, Inc. has only the right to receive any distribution or distributions to which the

Judgment Debtors McMillin Group, LLC and James L. McMillin would otherwise have been

entitled in respect of such limited liability company interest in Buffalo Nickel Trading, LLC.

K.S.A. 17-76,113(a).

IT IS FURTHER ORDERED THAT this charging order constitutes a lien on the interests

of Judgment Debtors McMillin Group, LLC and James L. McMillin in the limited liability

company Buffalo Nickel Trading, LLC.  K.S.A. 17-76,113(b).

IT IS FURTHER ORDERED THAT no creditor of a member or of a member's assignee,

including but not limited to Judgment Debtors McMillin Group, LLC and James L. McMillin,

shall have any right to obtain possession of, or otherwise exercise legal or equitable remedies

with respect to, the property of the limited liability company.  K.S.A. 17-76,113(e).

16

IT IS FURTHER ORDERED THAT Plaintiff shall serve a copy of this Charging Order upon Judgment Debtors and Buffalo Nickel Trading, LLC and shall file a certificate of service indicating the manner and date of service.