# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| VISION MARKETING RESOURCES, INC., ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 10-2252-KHV** |
| McMILLIN GROUPS, LLC, et al., ) | |
| ) | |
| **Defendants,** ) | |
| ) | |
| v. ) | |
| ) | |
| WELLS FARGO BANK, et al., ) | |
| ) | |
| **Garnishees.** ) | |
| —————————————————————— ) | |

## MEMORANDUM AND ORDER

Vision Marketing Resources, Inc. brought suit against McMillin Groups, LLC and James L. McMillin, alleging breach of contract and fraudulent misrepresentation. Defendants defaulted, and plaintiff commenced garnishment proceedings to collect the resulting judgment. Plaintiff now seeks the entire judgment from Wells Fargo Bank, the garnishee, because it failed to timely answer one of two garnishment orders. See Motion For Judgment Against Garnishee (Doc. #36) filed December 2, 2014. This matter comes before the Court on the Report And Recommendation (Doc. #48) which Magistrate Judge Teresa J. James filed March 4, 2015, and Plaintiff's Objections To Magistrate's Report And Recommendations (Doc. #54) filed March 16, 2015. For the reasons set forth below, the Court overrules plaintiff's objections and denies plaintiff's motion for judgment for substantially the reasons stated in the Report And Recommendation (Doc. #48).

## I.   Factual And Procedural Background

On July 21, 2010, plaintiff filed a motion for default judgment against defendants.  See Plaintiff's Motion For Default Judgment With Memorandum In Support (Doc. #9).  The Court sustained the motion in part and on August 31, 2010, directed the clerk to enter default against defendants under Fed. R. Civ. P. 55(a).  See Memorandum And Order (Doc. #10) at 3.  On January 31, 2011, the Court sustained plaintiff's motion for default judgment, and directed the clerk to enter judgment against defendants in the sum of $101,500.00 in compensatory damages and $101,500.00 in punitive damages, plus interest and costs.  See Order (Doc. #15); Judgment In A Civil Case (Doc. #16).

### A.      Service Of Writs, Responses And Motion For Default

On November 11, 2014, plaintiff filed applications for writs of garnishment to Wells Fargo on the accounts of "McMillan Group, LLC (a/k/a/ Bluewater Trading, Inc.)" (hereinafter "Bluewater") and "McMillan Group, LLC (a/k/a Buffalo Nickel Trading, LLC)" (hereinafter "Buffalo Nickel").   See Plaintiff's Application For Writ Of Garnishment (Doc. #27), at 1; Plaintiff's Application For Writ Of Garnishment (Doc. #28), at 1.  On November 12, 2014, the Clerk issued the writs and orders and filed service packets, which consisted of the papers which plaintiff had provided pursuant to D. Kan. Rule 4.1.[1]  See Writ Of Garnishment (Doc. #29); Writ Of Garnishment (Doc. #30).

---

[1]      Rule 4.1, which authorizes service of process in accordance with state practice, states as follows:

> Where the Federal Rules of Civil Procedure authorize service of process in accordance with state practice, the parties seeking such service must give the clerk: (1) forms of all necessary orders; (2) sufficient copies of all papers to comply with state requirements; and (3) specific instructions for making service.

Plaintiff took responsibility for service and filed identical returns of service for both writs on November 17, 2014.  Both returns of service indicated service as follows:

> 4)      **Return Receipt Delivery.**  By mailing on the 15th day of November, 2014, a copy of the garnishment order along with two copies of the answer form to the following persons at the following address:
>
> Name:  *Illegible on returned green card*
> WELLS FARGO GANK [sic]
> 5301 W. 95th STREET
> OVERLAND PARK, KS 66207
>
> /s/ Lindsay A. Stamper          11/17/14
> Name                                 Date

Return Of Service (Doc. #32); Return Of Service (Doc. #33).  The returns indicated the date of mailing.  The date of delivery is the operative date of service, however, and the returns are ambiguous in that regard: the "date" line could indicate the date of delivery, the date of the return, or some other date altogether.[2]  Plaintiff did not attach green cards or any other evidence of the date of delivery as required by K.S.A. § 60-303(c)(4).

On December 1, 2014, the Clerk filed the Wells Fargo response to the Buffalo Nickel writ.  The response was in the form of a letter dated November 18, 2014 which referenced the

---

[2]      The Federal Rules of Civil Procedure authorize service of process in accordance with state practice, and Kansas civil procedure permits service by return receipt delivery.  See Fed. R. Civ. P. 4(h)(1)(A) (may serve corporation, partnership or association in manner prescribed by Rule 4(e)(1) for serving individual); Fed. R. Civ. P. 4(e)(1) (may serve individual by following state law for serving summons); K.S.A. § 60-304(e) (procedure for service by return receipt delivery on corporation, partnerships or limited liability company); see also K.S.A. § 60-732 (order of garnishment and answer forms served on garnishee in same manner as process served pursuant to K.S.A. §§ 60-301 through 60-313).  Under K.S.A. § 60-303(c)(3), service is complete upon delivery of the sealed envelope.

As noted, here, the date on the returns could refer to the date of delivery, because otherwise the date of service is not found on the returns.  Or it could indicate the date when Stamper executed the returns.  Stamper signed an affidavit at the bottom of the form, which she dated November 17, 2014.

case number and stated that it held $285.00.  The letter included a copy of the Buffalo Nickel Trading writ, but it did not include any paperwork related to the Bluewater writ.

The next day, December 2, 2014, plaintiff filed a two-page Motion For Judgment Against Garnishee (Doc. #36), seeking to collect the entire judgment (approximately $203,000 plus interest) because Wells Fargo failed to timely answer the Bluewater writ.  Plaintiff represented that it had served Wells Fargo the writ of garnishment "on November 17, 2014 by certified mail."  Motion For Judgment Against Garnishee (Doc. #36), at 1 ¶ 2 (first paragraph 2).  In support of this statement, plaintiff cited its return of service, which as noted above, stated that plaintiff mailed the writ on November 15, 2014, but did not expressly indicate the date of delivery.  Id.  Plaintiff did not include any other evidence of the date of delivery.  Wells Fargo, which was and remains unrepresented by counsel, did not respond to plaintiff's motion for judgment.  On December 11, 2014, however, the Clerk of Court filed a letter from Wells Fargo dated December 10, 2014.  The letter enclosed the Bluewater writ, the order of garnishment and instructions to garnishee, and stated that Wells Fargo held $1,365.97.

On January 7, 2015, Wells Fargo filed an Amended Answer Of Garnishee (Doc. #42), which amended the responses to both writs.

### B.      Report And Recommendations

On January 12, 2015, the Court referred plaintiff's motion for judgment to Judge James for a report and recommendation.  On March 4, 2015, she recommended that the Court overrule plaintiff's motion for the following reasons. [3]

---

[3]      The Clerk of the Court mailed a copy of Report And Recommendation to garnishee Wells Fargo Bank.  See Report And Recommendation (Doc. #48), at 11 and accompanying docket text.

> Based upon its review of the docket, the Court finds that the Bank did mail letters
> to the Clerk of the Court attempting to answer the Orders of Garnishment.  The
> first letter, dated November 18, 201[4], was stamped received and filed by the
> Clerk on December 1, 2014.  Thus, the Court finds that letter was timely, as it was
> submitted within 14 days after the order of garnishment was served on November
> 17, 2014.  While this letter does not comply with K.S.A. 60-736(a) because it is
> not "substantially in compliance with" the Kansas Judicial Counsel's form
> Answer of Garnishee and fails to include the statement required from financial
> institutions by K.S.A. 60-733, the Bank later filed an Amended Answer (ECF No.
> 42) on January 7, 2015 that does comply with the statutes.

Report And Recommendation (Doc. #48) at 7-8.  Judge James further found that "it would be unreasonable and unjust to award the requested judgment of over $200,000 against the Bank under the circumstances in this case."  Id. at 8.  She noted that the record contained no evidence that Wells Fargo had intentionally disregarded its duty to timely answer the writs.  Id. at 8. Judge James further found that "in light of the minor differences between the two Writs . . . (addresses and Bluewater versus Buffalo Nickel a/k/a), it is understandable that the Bank may have been confused . . . and perhaps even initially thought they were duplicates, fully responded to with its first answer."  Id.

Judge James concluded that even if Wells Fargo did not technically comply with the orders of garnishment, K.S.A. § 60-741 did not compel judgment against it and the circumstances did not warrant such relief to plaintiff.[4]  Id. at 8-9.  She also concluded that judgment was not warranted because by its "apparent failure to serve 'the appropriate form for the garnishee's answer' along with the order of garnishment," plaintiff had not complied with

---

[4]     Judge James specifically found that "even if the Bank's timely submitted answer was technically deficient and . . . did not respond to the Bluewater Writ of Garnishment, it was still sufficient to constitute an appearance in the action," and because "the Bank did serve a proper amended answer within a relatively short time after it initially responded to the Writs, no judgment should be entered against it under K.S.A. 60-741."  Id. at 9.

5

K.S.A. § 60-732 and in fact had "created confusion by serving two Writs of Garnishment, which could easily be mistaken as mere duplicates." Id. at 10.

On March 16, 2015, plaintiff filed objections to the report and recommendation. (Doc. #54). Plaintiff did not serve the objections on Wells Fargo. See id. at 16 (certificate of service indicating that plaintiff's counsel served parties participating in the CM/ECF system, while Wells Fargo is unrepresented and not participating in CM/ECF). Not surprisingly, Wells Fargo did not respond to the objections.

In its objections, plaintiff argues that Judge James erred in concluding that (1) in failing to serve the appropriate form for the garnishee's answer along with the order of garnishment, plaintiff did not comply with K.S.A. § 60-732; (2) Wells Fargo demonstrated sufficient compliance with the deadlines established by K.S.A. § 60-736(b); and (3) judgment against Wells Fargo was not warranted under K.S.A. § 60-741. Plaintiff's Objections (Doc. #54) at 6. In support of its objections, plaintiff offers eight exhibits which purport to show that (1) plaintiff served answer forms on Wells Fargo with the service packets for both writs;[5] (2) Wells Fargo received the service packets on November 15, 2014;[6] and (3) on December 9, 2014, Wells Fargo called plaintiff's counsel to discuss the Bluewater writ and plaintiff's motion for default against it.[7]

---

[5]     Plaintiff now provides an affidavit showing that it provided Wells Fargo with answer forms. See Stamper Aff., Ex. F. to Plaintiff's Objections (Doc. #54), at ¶ 10.

[6]     Plaintiff now provides return receipts and an affidavit showing that both writs were delivered on November 15, 2014 and mailed earlier (although the date of mailing is not clear from the record).

[7]     Specifically, plaintiff now offers evidence that on December 9, 2014, a representative from Wells Fargo called Jason Eslinger, an attorney with plaintiff's counsel, and stated that it had not been served with both writs. See Plaintiff's Objections (Doc. #54) at 5;
(continued…)

## II.   **Legal Standards**

Upon objection to a magistrate judge report and recommendation on a dispositive matter, the Court reviews de novo "those portions of the [magistrate's] report or specified proposed findings or recommendations to which objection is made."   28 U.S.C. § 636(b)(1)(C).   In conducting a de novo review, the Court must "consider relevant evidence of record and not merely review the magistrate judge's recommendation." See Griego v. Padilla, 64 F.3d 580, 584 (10th Cir. 1995).   The Court treats plaintiff's motion for judgment as dispositive in nature and reviews *de novo* those portions of the report and recommendations to which plaintiff objects. When ruling on objections to a magistrate judge's findings and recommendations, the Court may receive further evidence.   See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).   Whether to receive additional evidence is committed to the Court's sound discretion.   See Henderson v. Echostar Commc'ns Corp., 172 Fed. App'x 892, 895 (10th Cir. 2006).

## III.   **Analysis**

As a preliminary matter, the Court decides whether to consider plaintiff's new evidence in support of its objections.   Plaintiff offers no reason why it did not include the new evidence – which relates to service of the answer forms and delivery of the garnishments – in support of its original motion for judgment.   Furthermore, although the new evidence concerning interactions with Wells Fargo occurred after plaintiff filed the motion for default, the evidence further supports Judge James' report and recommendations or has no effect on the Court's analysis.

---

( . . . continued)
Eslinger Aff. at 1, Ex. I to Plaintiff's Objections (Doc. #54).   Plaintiff also now offers new evidence that in light of Wells Fargo's response to the Bluewater writ by letter dated December 10, 2014, a representative from Wells Fargo called Eslinger on January 6, 2015 to ask whether plaintiff intended to proceed with its motion for judgment.   Plaintiff's Objections (Doc. #54), at 5.   During that call, Eslinger confirmed that plaintiff "would move forward with the Motion."   Id.

Therefore, exercising its discretion, the Court declines to consider the new evidence. <u>See</u> <u>Henderson</u>, 172 Fed. App'x at 895. The Court addresses each of plaintiff's objections, in turn.

> **A.      Whether Plaintiff Violated K.S.A. § 60-732 By Failing To Serve Answer Forms Along With The Order Of Garnishment**

As one reason for denying plaintiff's motion for judgment, Judge James made the following findings:

> Entry of judgment against the Bank based upon technical deficiencies in its answer to garnishment is . . . not justified given Plaintiff's own noncompliance with K.S.A. 60-732 by its apparent failure to serve "the appropriate form for the garnishee's answer" along with the order of garnishment. The garnishment documents provided by Plaintiff and issued by the Clerk do not indicate that an "Answer of Garnishee" form was included, even though the Instructions to Garnishee referred to an answer form as accompanying the instructions and the returns of service indicate that the garnishment orders were served "along with two copies of the answer form." The attachments to the letters the Bank mailed to the Clerk of the Court (instead of the answer form) also suggest that Plaintiff did not provide the Bank with a form answer when Plaintiff served the order of garnishment.

<u>Report And Recommendations</u> (Doc. #48) at 10. Plaintiff argues that this finding is erroneous. Plaintiff states that it did serve answer forms with the writs and suggests that the amended answer which Wells Fargo filed on January 7, 2015 is the form which it served.[8] <u>Plaintiff's</u> <u>Objections</u> (Doc. #54), at 7.

---

[8]      Plaintiff also states that, "although K.S.A. 60-741 requires a hearing on Plaintiff's Motion for Judgment against Garnishee,[] the Magistrate felt compelled to issue her Report without the benefit of a hearing." <u>Plaintiff's Objections</u> (Doc. #54) at 7. The Court does not agree that a hearing was mandatory, and no party requested a hearing. Even now, plaintiff's counsel does not request a hearing, and the record suggests no disputed factual issues that would require an evidentiary hearing. <u>See</u> D. Kan. Rule 7.2 ("The court may set any motion for oral argument or hearing at the request of a party or on its own initiative.").

From the face of the amended answer, it is not clear that plaintiff prepared the form.[9] Regardless, the finding that plaintiff did not comply with K.S.A. § 60-732 is not material to this Court's analysis.  Judgment is not warranted under the circumstances here, regardless whether plaintiff served answer forms on Wells Fargo.   The Court therefore overrules plaintiff's objection.

**B.      Whether Wells Fargo Complied With The Kansas Garnishment Statutes In Responding To The Bluewater Writ**

Judge James found that on January 7, 2015, Wells Fargo filed an amended answer which effectively cured any technical deficiencies in its prior responses to the writs.  Report And Recommendations (Doc. #48) at 8.  She also found that the timely response to the Buffalo Nickel writ was sufficient to enter an appearance as to both garnishments.  Plaintiff argues that these findings are erroneous. Specifically, plaintiff argues (1) there is "no authority in Kansas or elsewhere supporting the Magistrate's suggestion that timely responding to one garnishment (the Buffalo Nickel garnishment) sufficiently complies with the duty to timely respond to another garnishment;" (2) the Buffalo Nickel response was not timely, so there was no timely response for the untimely Bluewater response to relate back to; (3) the amended answer purporting to amend the Bluewater response is ineffective because an amended answer presumes that Wells Fargo correctly and timely filed an original answer; (4) there is no procedure or authority for amending an answer in garnishment proceedings; and (5) because Wells Fargo never sought leave to file the Bluewater response out of time, the untimely response and amended answer are unauthorized filings and the Court must disregard them.

---

[9]      In support of its objections, plaintiff presents new evidence that Stamper prepared and served answer forms with the writs.  See Stamper Aff., at ¶¶ 8, 12, Ex. F to Plaintiff's Objections (Doc. #54).  The Court does not consider this evidence.

1.    **Whether Wells Fargo Sufficiently Complied With Its Duty To Timely Respond To The Bluewater Writ When It Timely Responded To The Buffalo Nickel Writ**

Judge James found that "even if the Bank's timely submitted answer was technically deficient and even though it did not respond to the Bluewater Writ of Garnishment, it was still sufficient to constitute an appearance in the action." Report And Recommendation (Doc. #48) at 10. Plaintiff argues that there is no precedent for treating a timely answer to one writ as sufficient to timely answer another writ. Plaintiff provides no authority supporting this argument. Kansas Supreme Court precedent, however, supports Judge James' suggestion. As Judge James noted, the Kansas Supreme Court in McCreery v. McCreery stated as follows:

> [A]s long as a garnishee submits himself to the jurisdiction of the court[,] the discovery provisions of the code give ample tools to the plaintiff to protect and enforce all rights intended to be provided to support his interests. Whenever a garnishee makes an appearance in an action[,] no judgment should be entered against him without providing an opportunity to fully answer and present his defenses.

499 P.2d 1118, 1123 (Kan. 1972). The McCreery court noted that after a garnishee makes an appearance in an *action*, the court must permit it to fully answer the writ. Under McCreery, the Court permits Wells Fargo to fully answer both writs because it made an appearance in this *action* by responding to the Buffalo Nickel writ.[10] The Court overrules plaintiff's objection.

---

[10]    In McCreery, the garnishee timely answered using a proper answer form, but crossed out language on the form that was necessary to comply with K.S.A. § 60-741. Therefore, the answer was timely, but technically deficient. The district court entered judgment against the garnishee and refused to set aside the judgment. The Kansas Supreme Court stated that the district court erred by entering judgment against the garnishee on the basis of the technical deficiency without giving him the opportunity to answer and defend himself.

Plaintiff argues that McCreery is distinguishable because Wells Fargo "did not file a timely answer to either garnishment and, in fact, months later, has still failed to ask the Court for permission to file a response out of time." Plaintiff's Objections (Doc. #54) at 13. Wells Fargo timely entered an appearance in this action, however, by timely responding to the Buffalo Nickel
(continued…)

**2.     Whether The Buffalo Nickel Response Was Timely**

Under K.S.A. § 60-736(b), "Within 14 days after service . . . upon a garnishee of an order of garnishment[,] the garnishee shall complete the answer in accordance with the instructions accompanying the answer form stating the facts with respect to the demands of the order." Judge James found that plaintiff served both writs on Wells Fargo on November 17, 2014 and Wells Fargo timely responded to the Buffalo Nickel writ when the clerk filed it on December 1, 2014. Plaintiff argues that even if Wells Fargo's December 1, 2014 response to the Buffalo Nickel writ could serve as an appearance to both writs in this action, Judge James erred in concluding that service occurred on November 17, 2014 and there was "no timely answer for the untimely Bluewater response to relate back to." Plaintiff's Objections (Doc. #54), at 9.

Plaintiff presents new evidence that it served both writs on Wells Fargo on November 15, 2014 and argues that Wells Fargo's response to the Buffalo Nickel writ was untimely. This new evidence is directly contrary to plaintiff's representation in its motion for judgment against Wells Fargo on the Bluewater writ that service occurred on November 17, 2014. Furthermore, as noted above, the Court rejects plaintiff's new evidence regarding the date of service. From the record and plaintiff's motion for judgment, the Court adopts November 17, 2014 as the date of service.[11] Even if service occurred on November 15, however, Wells Fargo's response to the Buffalo Nickel writ was timely.

---

( . . . continued)
writ. McCreery directly addresses how Kansas courts liberally interpret K.S.A. § 60-741 to allow garnishees to avoid judgment.

[11]     Plaintiff states that Judge James erred because "[n]owhere do the Returns say that service was achieved on November 17, 2014," and they "clearly indicate the Returns were *signed by Plaintiff's law office* on November 17, 2014 and they were filed on November 17, 2014." Plaintiff's Objections (Doc. #54) at 3 n.4 (emphasis in original). The returns are not clear. In
(continued…)

Under Fed. R. Civ. P. 6(a)(1) and Kansas' counterpart K.S.A. § 60-206(a)(1), when a period is stated in days, the day of the event triggering the period is to be excluded, and every day, including intermediate Saturdays, Sundays and legal holidays are counted.  The last day is counted, as well, but "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."  Fourteen days after November 15 was November 29, 2014, which was a Saturday.  The next day that was not a Saturday, Sunday or legal holiday was Monday, December 1, 2014.  The clerk filed Wells Fargo's response to the Buffalo Nickel writ on December 1, 2014.  Therefore, it was timely.[12] The Court overrules plaintiff's objection.

### 3.  Whether The Amended Answer Is Effective

Plaintiff argues that the amended answer which Wells Fargo filed relating to the Bluewater garnishment is ineffective because it "suggests that an original answer was properly and timely filed."  Plaintiff's Objections (Doc. #54) at 9.  Plaintiff states that because both letter responses were untimely, the amended answer purporting to amend them was ineffective.  Id. Because of this, plaintiff asserts Wells Fargo has "failed to respond to any of the garnishments." Id. at 9 n.8.

---

( . . . continued)
fact, the returns – which note only the date of mailing and attach nothing which evidences delivery – are useless in verifying the date of service.  The returns for both writs were identical and in its motion for judgment, plaintiff's counsel represented that the Bluewater writ was served on November 17, 2014.  Therefore, the only logical assumption is that both writs were delivered on November 17, 2014.  See Motion For Judgment Against Garnishee (Doc. #36) at 1 ¶ 2 (first paragraph 2).

[12]     Plaintiff's argument to the contrary suggests a lack of familiarity with the operative rules and is arguably sanctionable under Rule 11, Fed. R. Civ. P.

As shown above, Wells Fargo timely filed its response to the Buffalo Nickel writ on December 1, 2014 and sufficiently made an appearance in this action as to both garnishments. Therefore, the amended answer effectively constitutes Wells Fargo's answer to both writs.

### 4.       Whether Wells Fargo Properly Amended Its Answer

Plaintiff argues that Judge James erred in "considering and, essentially, validating" Wells Fargo's technically compliant amended answer because there "are no provisions under Kansas' garnishment statutes authorizing the filing of an amended answer." Plaintiff's Objections (Doc. #54), at 9, 10.  Plaintiff states, "The prospect of an amended answer would only serve to add confusion to a carefully crafted process and, further, could expose the debtor and garnishee to additional liability not contemplated by the garnishment statutes.  This is why there is not even a procedure provided [sic] for an amended answer in the garnishment process." Id. at 9. Plaintiff states that because the amended answer "is not an authorized pleading," it "must be disregarded." Id. at 12.  Plaintiff states that allowing "an amended answer throws off the time period set by the statutes for what property is subject to garnishment" and states that this "Court must reject such a result." Id. at 10.

Plaintiff offers no support for its argument that garnishees may not amend their answers and offers no compelling reason for why, absent an express provision to that effect in the garnishment statutes, civil procedure rules of pleading do not apply.[13]  The Court therefore looks to whether Wells Fargo could amend its answers under regular rules of civil procedure.

---

[13]       Furthermore, research reveals that it is not unusual for garnishees to amend their answers.  See LSF Franchise REO I, LLC v. Emporia Rests., Inc., 152 P.3d 34, 38 (Kan. 2007) (garnishee bank filed amended answer after deposits returned for insufficient funds); Cole v. Thacker, 146 P.2d 665, 668 (Kan. 1944) (considering amended answer of garnishee); Titus v. Vansickle, 50 P.2d 972, 973-74 (Kan. 1935) (considering amended answer of garnishee).

Under Fed. R. Civ. P. 15(a)(2) and K.S.A. § 60-215(a)(2), when no responsive pleading is required, "a party may amend its pleading only with the opposing party's written consent or the court's leave" after 21 days have passed after service.  The Court shall freely give leave "when justice so requires."  Fed. R. Civ. P. 15(a)(2); K.S.A. § 60-215(a)(2).  Whether to grant leave to amend is a matter of discretion for the trial court.  See Woolsey v. Marion Labs., Inc., 934 F.2d 1452, 1462 (10th Cir. 1991).  The Court should normally refuse to grant leave to amend only upon a showing of futility, undue delay, undue prejudice to the non-moving party or bad faith of the moving party.  See Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993) (citing Castleglen, Inc. v. Resolution Trust Corp., 984 F.2d 1571, 1585 (10th Cir. 1993)).

Justice requires permitting amendment here.[14]  First, the amended answer corrects technical deficiencies in Wells Fargo's original responses.[15]  Second, plaintiff presented no evidence that Wells Fargo acted in bad faith in failing to timely respond to the Bluewater writ.[16]

---

[14]    Wells Fargo filed its amended answer more than 21 days after it served its original responses.  Therefore, the Court decides whether justice requires considering the amendment as if leave had been granted.

[15]    Wells Fargo's initial responses to both writs, which indicated the amounts that Wells Fargo held and identified the respective writs by including portions of the service packets, were technically deficient because they were not "substantially in compliance with the forms set forth by the judicial counsel."  See Report And Recommendation (Doc. #48) (citing K.S.A. §§ 60-732(a), 736(a), 743).  Also, the original responses did not include the statement that "[t]he amount of the funds, credits or indebtedness belonging to or owing the judgment debtor which I shall hold shall not exceed [the amount held by the bank subject to garnishment]," as required by K.S.A. § 60-733.  Wells Fargo's amended answer complies with the statutes.  See Report And Recommendation (Doc. #48) at 8.

[16]    In fact, although the Court does not consider plaintiff's new evidence, it further supports granting leave to amend.  Plaintiff presents new evidence that Wells Fargo called plaintiff's counsel days before filing the amended answer.  This is strong evidence of Wells Fargo's good faith effort to comply with the statutory requirements of the garnishment statutes.  See Plaintiff's Objections (Doc. #54) at 5 (Wells Fargo called plaintiff's counsel to ask if
(continued…)

The original responses and the amended answer reflect that Wells Fargo held the same amount on behalf of the judgment debtor.  Therefore plaintiff has shown no prejudice by the amendment. Likewise, plaintiff has not shown that amendment will unduly delay these proceedings, or that Wells Fargo unduly delayed in filing its amended answer.  Therefore, the Court accepts Wells Fargo's amended answer as if leave had been granted.  Cf. Dole v. Reynolds, No. 89-4007-S, 1990 WL 186269, at *2 (D. Kan. Oct. 2, 1990) (sua sponte treating supplement to complaint as if Court granted leave to amend).  The Court overrules plaintiff's objection.

**5.     Whether Wells Fargo Properly Filed Its Original Responses Out Of Time**

Plaintiff argues that because Wells Fargo never sought leave to file any response out of time, Judge James erred in considering both of Wells Fargo's responses and its amended answer. Plaintiff's Objections (Doc. #54) at 11.  On that basis, plaintiff asks the Court to find that Wells Fargo "remains in default for not properly or timely responding to the Writs of Garnishment." Id.

As noted above and in the report and recommendation, Wells Fargo timely responded to the Buffalo Nickel writ, which timely entered an appearance as to all garnishments in this action.[17]  Therefore, Wells Fargo was not in default for failure to appear or otherwise defend.[18] The Court overrules plaintiff's objection.

---

( . . . continued)
plaintiff intended to proceed with motion for judgment after Wells Fargo answered Bluewater writ).

[17]     Plaintiff argues that "there is no authority in Kansas or elsewhere supporting the Magistrate's suggestion that timely responding to one garnishment (the Buffalo Nickel garnishment) sufficiently complies with the duty to timely respond to another garnishment." Plaintiff's Objections (Doc. #54) at 8.  As discussed above, in McCreery v. McCreery, the Kansas Supreme Court stated that if a garnishee made an appearance in an *action*, the Court (continued…)

C.    **Whether Plaintiff Is Entitled To Judgment Against Wells Fargo Under K.S.A. § 60-741**

K.S.A. § 60-741 provides a remedy when a garnishee fails to answer within the time and manner specified in the order of garnishment.  It states as follows:

> If the garnishee fails to answer within the time and manner specified in the order of garnishment, the judgment creditor may file a motion and shall send a copy of the motion to the garnishee and the judgment debtor in the manner allowed under K.S.A. 60-205, and amendments thereto.  At the hearing on the motion, the court may grant judgment against the garnishee for the amount of the judgment creditor's judgment or claim against the judgment debtor or for such other amount as the court deems reasonable and proper, and for the expenses and attorney fees of the judgment creditor.  If the claim of the plaintiff has not been reduced to judgment, the liability of the garnishee shall be limited to the judgment ultimately

---

( . . . continued)

should not enter judgment against it without providing the opportunity to fully answer and present its defenses.  499 P.2d at 1123.  In this unique circumstance, plaintiff served two nearly identical writs on the same day in one action.  Because of the high likelihood of confusion and lacking any evidence of bad faith or intentional dereliction, the Court finds that Wells Fargo sufficiently entered an appearance as to both writs by timely responding to one.

[18]    The Court will not require Wells Fargo to show excusable neglect to file the Bluewater response out of time because Wells Fargo timely made an appearance in the action through the Buffalo Nickel response, and shortly thereafter filed the Bluewater response and amended answer.  Nonetheless, Judge James' findings and plaintiff's own new evidence suggest that Wells Fargo could show excusable neglect.

As Judge James found, the Buffalo Nickel and Bluewater writs were served on Wells Fargo on the same day, they were nearly identical and Wells Fargo likely thought the two writs were duplicates.  Plaintiff's additional evidence shows that on December 9, 2014, shortly after plaintiff served Wells Fargo with its Motion For Judgment Against Garnishee (Doc. #36), Wells Fargo contacted plaintiff's attorney to explain that it had not been served with two writs.  After plaintiff's counsel informed Wells Fargo that plaintiff had served two writs, Wells Fargo promptly filed its response by letter dated December 10, 2014, which the clerk filed on December 11, 2014.  See Doc. #38.

This evidence supports a conclusion that until plaintiff served its motion for judgment, Wells Fargo did not realize that plaintiff had served two writs.  Wells Fargo promptly followed up with a telephone call to plaintiff's counsel.  Wells Fargo's timely response to the Buffalo Nickel writ and quick response to plaintiff's counsel show that Wells Fargo acted in good faith in answering both writs at its first opportunity.

rendered against the judgment debtor.

K.S.A. § 60-741 does not compel judgment against a garnishee who has filed an untimely answer.  Whether to enter judgment is discretionary, and Kansas courts have liberally interpreted K.S.A. § 60-741 in favor of garnishees.  In addition to the findings already discussed, Judge James stated that "it would be unreasonable and unjust to award the requested judgment of over $200,000 against the Bank under the circumstances in this case."  Report And Recommendation (Doc. #48) at 8.  The Court agrees.

Plaintiff argues that Judge James "incorrectly concluded that Wells Fargo should not be required to pay Plaintiff's entire judgment."  Plaintiff's Objections (Doc. #54) at 11.  Plaintiff reiterates its previous arguments and argues that "all of the grounds urged by the Magistrate for not entering judgment against the Bank are non-existent."  Id. at 12.

Plaintiff states that the circumstances here are similar to McCain v. McCain, 249 P.3d 468, 2011 WL 1377013 (Kan. Ct. App. 2011), in which a garnishee appealed the judgment which the district court entered against him for a complete failure to answer a garnishment writ. See Plaintiff's Objections (Doc. #54) at 13-14.  The Kansas Court of Appeals affirmed the district court finding that summer harvest did not constitute excusable neglect for failure to timely answer a garnishment order.  Because the garnishee did not explain how the summer harvest prevented him from responding, the Court of Appeals held that the district court did not abuse its discretion in finding that the garnishee had not shown excusable neglect.  The holding in McCain is fact-specific, unpublished and non-precedential in this Court.  Also, McCain is unpersuasive because factors already discussed weigh in favor of not entering judgment against Wells Fargo.

Plaintiff states that <u>Boyce v. Boyce</u>, 476 P.2d 625 (Kan. 1970), provides instruction on the procedure which garnishees should follow if excusable neglect prevents a timely response to a garnishment writ.  <u>See</u> <u>Plaintiff's Objections</u> (Doc. #54) at 14.  This case does not apply because Wells Fargo timely responded to the Buffalo Nickel writ, which constituted an appearance as to all garnishments in this action.

Plaintiff states that "Wells Fargo is not a small town, startup bank" and it "had a legal/garnishment department that looked over the garnishment papers and determined it would respond in an improper manner and in an untimely manner."  <u>Plaintiff's Objections</u> (Doc. #54) at 13.  This observation is irrelevant.  Presumably the same could be said of plaintiff, which has appeared through counsel – counsel whose handling of these garnishment proceedings reinforces the Court's conclusion that judgment against Wells Fargo would be inequitable under these facts.

**IT IS THEREFORE ORDERED** that the Court (1) overrules <u>Plaintiff's Objections To Magistrate's Report And Recommendations</u> (Doc. #54) filed March 16, 2015; (2) adopts Judge James' <u>Report And Recommendation</u> (Doc. #48) filed March 4, 2015; and (3) overrules plaintiff's <u>Motion For Judgment Against Garnishee</u> (Doc. #36) filed December 2, 2014 for substantially the reasons stated within the report and recommendation.

Dated this 14th day of July, 2015, at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge